# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ALABAMA TEACHERS CREDIT UNION, ] ] ] Plaintiff, ] ] v. ] ] DESIGN BUILD CONCEPTS, INC, et al., ] ] ] Defendants. ] ] | CASE NO.: 4:16-cv-2027-KOB |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Alabama Teachers Credit Union's motion for entry of discovery schedule and continuance of briefing schedule, (doc. 32), as well as Defendant Design Build Concepts/IBT LLC's[1] Motion for Judgment on the Pleadings. (Doc. 28). Initially, the court had set the motion for judgment on the pleadings on a briefing schedule. Having reviewed the recent filings of the parties, the court does not need further briefing on this issue.

Accordingly, the court **VACATES** the previous briefing schedule. (Doc. 31). For the reasons discussed below, the court **DENIES** the motion for judgment on the pleadings, and, therefore, finds Alabama Teachers Credit Union's motion for a discovery schedule and

---

[1] ATCU alleges in the complaint that Design Build Concepts merged with IBT Enterprises and now operates as "Design Build Concepts/IBT," which acquired the assets and assumed the liabilities of Design Build Concepts. (Doc. 15 at 2). Though several defendants are in this action, they all appear to be some form of these entities. For purposes of this motion, the court will refer to the defendants collectively as "DBC/IBT."

1

continuance of briefing schedule is **MOOT**.

I.  **BACKGROUND**

This case involves claims about the construction of an office building in Gadsden, Alabama. Around April 17, 2003, Plaintiff ATCU and Defendant DBC/IBT entered into an agreement for DBC/IBT to design and construct an office for ATCU. Sometimes after moving into the building, ATCU discovered water leaks, roof leaks, and other problems with the building.

ATCU requested that DBC/IBT evaluate the leaks and make the proper repairs, but those repairs were never made, despite assurances the defects would be addressed. Because of the Defendants' representations that it would repair the leaks, ATCU deferred hiring another party to complete the repairs.

ATCU claims DBC/IBT is liable to it for breach of contract, negligence, fraudulent misrepresentation, breach of warranty, negligent hiring, training, and supervision, professional negligence, and negligent performance of warranty obligation.

II.  **STANDARD OF REVIEW**

A party may move for judgment on the pleadings only after the pleadings are closed. *See* Fed.R.Civ.P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir.2014) (internal citation omitted). In determining whether a defendant is entitled to judgment on the pleadings, courts must "accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*

In ruling on a motion for judgment on the pleadings, courts apply the same standards as applied to a Rule 12(b)(6) motion to dismiss. *See Strategic Income Fund, LLC v.v Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir.2002). A court must grant the motion for judgment on the pleadings if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993). Accordingly, to avoid the granting of judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## III. DISCUSSION

This matter can be resolved with brevity. DBC/IBT argues ATCU's claims are barred by the statute of limitations for construction claims and the statute of repose under Alabama law. DBC/IBT bases this argument on its contention that the construction was "substantially complete" in 2005. But the fact construction was complete in 2005 was not pled in the complaint, but only raised by the Defendants in their answer.

DBC/IBT says "the court may consider documents attached to the pleadings, such as those documents attached to the complaint and answer" in deciding judgment on the pleadings. (Doc. 29 at 4). To support this proposition, the Defendants cite to *Yeager v. Ocwen Loan Servicing, LLC*, No. 1:14CV117-MHT(WO), 2017 WL 701387, at *3 (M.D. Ala. Feb. 22, 2017), which in turn cites to *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002).

But *Horsley* does not say the court must consider *every* document attached to the *answer*. On the contrary, *Horsley* teaches that documents attached to the pleadings should only be

considered when they pass the "incorporation by reference" test. *Horsley*, 304 F.3d at 1134–35. A document is incorporated by reference "if the contents are alleged *in a complaint* and no party questions those contents." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (emphasis added).

Three documents support DBC/IBT's contention that building was substantially completed in 2005: a report by Steepen Ward & Associates, a letter from Design-Build to ATCU, and an "Implementation Addendum" to the construction contract. None of those documents are referenced in, attached to, or are central to, ATCU's claims. Therefore, they cannot be incorporated by reference and properly considered on a motion under Fed. R. Civ. P 12(c).

Of course, the court is not saying DBC/IBT's statute of limitations defense lacks merit, but merely that it cannot be properly adjudicated on a motion for judgment on the pleadings in this posture. The defense is classic summary judgment material, and the DBC/IBT is free to raise it in that fashion.

## IV. CONCLUSION

The court **DENIES** DBC/IBT's Motion for Judgment on the Pleadings, (doc. 28), and finds ATCU's motion for a discovery schedule and continuance of briefing schedule is **MOOT**. (Doc. 32).

**DONE** and **ORDERED** this 11th day of April, 2017.

*/s/ Karon O. Bowdre*
_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE