## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ALABAMA TEACHERS CREDIT UNION,** | ] | |
| | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CASE NO.:** |
| | ] | **4:16-cv-2027-KOB** |
| **DESIGN BUILD CONCEPTS, INC, et al.,** | ] | |
| | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Alabama Teachers Credit Union's Motion for

Reconsideration. (Doc. 96). On October 18, 2017, this court granted Cross-claim Defendant

Design Build Concepts, Inc.'s motion to dismiss, finding all claims against it untimely. (Doc. 90).

ATCU now argues the court incorrectly applied Georgia law to reach that conclusion.

ATCU first argues the court wrongfully relied on O.C.G.A. § 14-2-1407(d) to dismiss

ATCU's claims against DBC and its shareholders arising from actions that occurred *before* DBC

dissolved. ATCU also argues that *Hall v. Kimsey*, 173 S.E. 437 (Ga. Ct. App. 1934) prevents the

five-year statute of limitations in § 14-2-1407(d) from barring its claims against DBC that arose

after DBC dissolved. For the reasons outlined below, the court DENIES the motion to reconsider

its findings.

## I.    STANDARD OF REVIEW

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly."

1

*Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–8 (N.D.Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter*, 440 F. Supp. 2d at 1268 n. 9. Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355.

## II. DISCUSSION

DBC argued in its motion to dismiss that "all claims against DBC . . . are barred because . . . DBC was dissolved in accordance with Georgia law in February 2010," and "any such claims are barred no later than five years after the date of the required publication of the corporation's Notice of Intent to Dissolve." (Doc. 58 at 2–3). This court determined that DBC dissolved in February 2010, agreed with DBC's interpretation of the Georgia statute, and found all claims against DBC were untimely.

ATCU now argues that even if the court interprets § 14-2-1407(d) to bar ATCU's claims against DBC, it only applies to those claims arising *after* its dissolution, not claims arising from DBC's conduct *before* dissolution. While ATCU's understanding of subsection (d) is correct, § 14-2-1407(c) places an even shorter statute of limitations on claims arising out of conduct occurring before the dissolution. Instead of a five-year period, subsection (c) bars "all claims" against a dissolved corporation that has filed a notice of intent to dissolve and publishes a newspaper notice containing that information "unless the claimant commences a proceeding to

enforce the claim . . . within two years after the publication date." DBC's motion to dismiss focused on § 14-2-1407(d) because it provides ATCU with the largest window of opportunity to file any possible claims against DBC. Logically, if ATCU's claims were untimely under subsection (d)'s five-year statute of limitations, they certainly would not be timely under subsection (c)'s two-year statute of limitations.

DBC correctly argued that § 14-2-1407 bars *all* ATCU's claims against it. Subsection (c) bars all claims arising out of events occurring *before* DBC dissolved that were not filed within two years of its dissolution; subsection (d) bars all claims arising out of events occurring *after* its dissolution that were not filed within five years of its dissolution. As explained in the court's previous order, the claimants in this action filed *all* their claims against DBC more than five years after DBC dissolved. Therefore, all their claims are untimely regardless of which statutory time period applies.

ATCU's second argument requires little attention because the court thoroughly addressed it in its previous order. The court accepted the proposition that *Hall v. Kimsey* creates a cause of action against "de facto" corporations, but rejected the theory that § 14-2-1407(d) does not apply to such claims. *See* (doc. 90). ATCU has not provided any new authority or argument to persuade the court to adopt any interpretation other than that resulting from a plain reading of the statute. Therefore, the court sees no need to explain its rationale a second time here.

## III.    CONCLUSION

Section 14-2-1407 bars all claims against DBC in this matter, regardless of whether they arise from acts or omissions occurring before or after DBC's dissolution. ATCU has not provided any reason for this court to reconsider its order dismissing DBC. Therefore, ATCU's

motion is DENIED.

**DONE** and **ORDERED** this 8th day of November, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE